**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| QPSX DEVELOPMENTS 5 PTY LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:05-CV-268 |
| | § | |
| NORTEL NETWORKS, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Nortel's Renewed Motion for Judgment as a Matter of Law, Motion for New Trial and Motion for Remittitur and Brief in Support (Dkt. No. 432) and related briefing. For the reasons below, this Motion is GRANTED with respect to remittitur, DENIED in all other respects.

**A.     Legal Standard**

A court should render a judgment as a matter of law ("JMOL") under Rule 50(a) when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue." Fed. R. Civ. P. 50(a). JMOL is proper when "the facts and inferences point so strongly and overwhelmingly in favor of one party that the court concludes that reasonable jurors could not arrive at a contrary verdict." *Arsement v. Spinnaker Exploration Co.*, 400 F.3d 238, 248-49 (5th Cir. 2005) (*quoting Bellows v. Amoco Oil Co.*, 118 F.3d 268, 273 (5th Cir. 1997)).

Under Rule 59(a), new trials: "may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which

new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a) (2007). A motion for new trial at common law could be based on any number of grounds. Such a motion "may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *see also Eyre v. McDonough Power Equip., Inc.*, 755 F.2d 416, 420 (5th Cir. 1985) (a district court "is empowered to grant a motion for new trial when he determines that the verdict is against the great-but not merely the greater-weight of the evidence").

**B.     Discussion**

    **1.     Indirect Infringement**

Nortel argues that there was legally insufficient evidence to support the jury's finding of indirect infringement because (1) there was insufficient evidence of direct infringement, (2) the accused devices are staple articles or commodities of commerce suitable for substantial non-infringing use, and (3) there was insufficient evidence of Nortel's intent to induce infringement. The record reflects ample evidence for a reasonable juror to conclude that Nortel's customers directly infringed. Specifically, a reasonable jury could rely on the testimony of QPSX's expert, Dr. Olivier, and Nortel's corporate representative, Mr. Kummer. Likewise, based on Dr. Oliver's testimony, a reasonable jury could conclude that the articles had no use except for practicing the claimed invention, and that Nortel possessed the requisite intent to induce infringement. The court, therefore, concludes that there was a legally sufficient evidentiary basis for the jury's finding of indirect

infringement.

### 2. Willful Infringement

Nortel next argues that there was legally insufficient evidence to support the jury's finding of willful infringement because (1) insufficient evidence exists of Nortel's actual knowledge of the '499 patent, (2) no evidence of Nortel's copying of the patented method exists, (3) Nortel reasonably relied on an opinion of counsel, and (4) that increased damages are not warranted.

The court finds that there was a legally sufficient evidentiary basis for the jury's finding of willful infringement. Nortel failed to request that the jury be instructed to apply a higher standard of proof. *See In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc). Moreover, Nortel did not raise any objections to the court's proposed instructions on willfulness during the formal charge conference. The court, therefore, evaluates the sufficiency of the evidence in light of the instructions given to the jury. Under the court's instructions, a legally sufficient evidentiary basis exists for a reasonable jury to find that Nortel's infringement was willful.

In light of the jury's finding that Nortel's infringement was willful, this court may increase a jury's award of infringement damages up to three times. 35 U.S.C. § 284. Whether to increase damages, and the amount of the increase, is within this court's discretion. The Federal Circuit has provided factors that this court may consider in determining the amount of such an award: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of the infringer's misconduct; (7) any remedial action by the infringer; (8) the infringer's

motivation for harm; and (9) whether the infringer attempted to conceal its misconduct. *See Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir.1992), *abrogated in part on other grounds by Markman v. Westview Insts., Inc.*, 52 F.3d 967 (Fed. Cir.1995) (en banc).

Though not all of these factors weight in favor of enhanced damages, a substantial number of them support increasing the jury's damage award. Specifically, the duration of Nortel's infringement and the lack of any evidence that it attempted to avoid infringement weigh heavily in favor of enhanced damaged. Furthermore, this case was not close on either the issues of infringement or invalidity. Therefore, the court finds that a multiplier of 1.7 should be applied to the jury's award in light of Nortel's willful infringement.

### 3. Invalidity[1]

Nortel argues that there was legally insufficient evidence to support the jury's finding that the provisional application contained sufficient written description for the '499 patent to claim a priority date of March 26, 1993. Expert witnesses for both sides presented testimony related to these issues. The court finds that a reasonable jury could credit the opinions and testimony of Dr. Knightly, QPSX's expert, in finding an effective filing date of March 26, 1993.

### 4. Damage Award

Nortel argues that there was legally insufficient evidence to support the jury's damage award because (1) the lack of evidentiary support to support the $28 million award, (2) the royalty base was

---

[1] QPSX argues that Nortel waived any entitlement to JMOL on the issue of invalidity by failing to move for JMOL during trial. *See Flowers v. S. Reg'l Physician Servs.*, 247 F.3d 229, 238 (5th Cir. 2001) (party that fails to move for JMOL at close of evidence "waives its right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal"). The court agrees with QPSX that Nortel has waived entitlement to move for JMOL on invalidity, but addresses the merits of Nortel's motion nonetheless.

overly inclusive with respect to time, (3) the royalty base was overly inclusive with respect to products sold, and (4) the verdict is excessive and the product of passion and prejudice.

QPSX argues that the jury's award was supported by industry licenses of record. The record, however, is unclear as to any correlation between these industry licenses and the specific technology covered by the '499 patent. After considering the evidence as a whole, the court agrees with Nortel that the jury's award of $28 million was against the great weight of the evidence. The court remits the damage award to $11.82 million, the largest amount supported by the evidence. This court will allow the "plaintiff the option of a new trial on damages or the remitted damages award." *Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1362 (Fed. Cir. 2001) (citation omitted). The plaintiff has seven (7) days from entry of this order to notify the court of its election. In light of the willfulness finding, discussed above, the court would multiply the remitted damages of $11.82 million by 1.7. The court rejects the remaining arguments raised by Nortel relating to damages.

### 5. Claim Construction

Nortel argues that the court's April 17, 2007 supplemental claim construction order was extremely prejudicial. Further, Nortel argues that the fact it did not have a non-infringement expert witness to examine on this "new" construction. As an initial matter, it was the arguments made by Nortel at trial that necessitated a clarification to the court's January 10, 2007 claim construction order. Moreover, Nortel made a litigation decision to not retain an expert to offer a non-infringement opinion, rather it chose to rely on the testimony of Lucent's expert. Once Lucent settled the case, Nortel's litigation strategy left it without a retained expert to testify on its behalf. Therefore, the court fails to see the prejudice to Nortel.

### 6. Mr. Kummer's Testimony

Nortel argues that the court improperly limited the testimony of Norman Kummer. Specifically, Nortel argues that the court precluded Kummer from providing lay opinion and overly constricted his factual testimony. The court stands by its rulings during the course of the trial. Lacking a retained expert to testify to non-infringement, Nortel attempted to elicit expert opinions from a lay witness. Kummer was not identified as an expert witness and did not file an expert report; therefore, the court properly precluded his opinion testimony. As to Kummer's factual testimony, Nortel did not provide an offer of proof as to the evidence the court excluded. Without such an offer, this court is unable to determine if the exclusion of Kummer's testimony was in error or prejudicial. *See e.g., Seatrax, Inc. v. Sonbeck Int'l*, 200 F.3d 358, 370 (5th Cir. 2000).

### C. Conclusion

For the reason stated above, the court GRANTS Nortel's Motion for Remittitur. The plaintiff has seven (7) days from the entry of this order to either elect the remitted award of $11.82 million or to have a new trial on the issue of damages. The court DENIES the balance of Nortel's Renewed Motion for Judgment as a Matter of Law, Motion for New Trial and Motion for Remittitur.

SIGNED this 18th day of March, 2008.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE